UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,

          -against-

MARC A. BEAUVOIR,
                    Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 06-1689 (DRH) (ARL)

**LINDSAY R. ARLENE, United States Magistrate Judge:**

By Order of Referral dated October 3, 2006, this matter was referred to the undersigned for the purpose of determining the proper amount of damages, attorneys' fees and costs to be awarded following the entry of a default judgment against the defendant. For the reasons set forth herein, the undersigned recommends that the plaintiff, United States of America, be awarded damages, in the amount of $ 1,602.38, plus interest at a rate of 10.00% per annum from April 20, 1999 through the date of judgment, plus costs in the amount of $ 40.00 and attorney's fees in the amount of $ 577.58.

## BACKGROUND

On April 10, 2006, the plaintiff United States of America commenced this action by serving a copy of the summons and complaint on defendant Marc A. Beauvoir ("the defendant" or "Beauvoir"). Beauvoir failed to answer, appear, or otherwise move and the plaintiff moved for a default judgment. That application was granted by order dated October 3, 2006. Plaintiff now seeks an award of damages and costs, including attorney's fees.

## DISCUSSION

### A) DAMAGES:

Because the plaintiff seeks a sum certain in this action, a detailed analysis of damages is unnecessary. The plaintiff seeks recovery on the promissory note as follows:

| | |
|---|---|
| Principal | $1,239.03 |
| Total Interest Accrued Through April 20, 1999: | $363.35 |
| Total Owed as of April 20, 1999 : | $1,602.38 |

Accordingly, the undersigned recommends that damages be awarded in the principal amount of $1,239.03 plus interest through April 20, 1999 of $363.35, and additional interest from April 21, 1999 to the entry of judgment at a daily rate of $.34 per day pursuant to the Certificate of Indebtedness certified by the United States Department of Education, attached to the complaint as Exhibit A.

### B.) COSTS AND ATTORNEY'S FEES:

In addition to damages, the plaintiff seeks an award of costs, including attorney's fees, as collection fees in this matter. The assessment of collection fees against defaulted federal loans is authorized by regulations enacted pursuant to the Higher Education Act of 1965 (HEA), 20 U.S.C. §1071, *et seq.* One such regulation sets forth the mandatory terms of a federal student loan, and requires a promissory note to "state that the borrower shall pay all attorney's fees and other loan collection costs and charges." 34 C.F.R. §674.31. The promissory notes executed by Beauvoir on or about March 13, 1989 provides that if Beauvoir, as the borrower, fails to pay the amounts set forth in the note when they are due, he "will pay all charges and collection costs

(including statutorily authorized attorneys fees) permitted by federal statutes or by rules or regulations issued by the Secretary or GLHEC for the collection of any amount due under this Note." Federal law and regulations permit the imposition of collection charges in "an amount equal to the reasonable costs incurred by the agency in collecting a loan on which the agency has paid a default or bankruptcy claim. These costs may include, but are not limited to, all attorney's fees, collection agency charges and court costs." 34 C.F.R. §682.410(b)(2). The plaintiff is thus entitled to reasonable costs, including reasonable attorney's fees.

**1.) Costs:**

The plaintiff seeks $390 in costs, consisting of $350 in filing fees and $40 for service of the summons and complaint. The United States is not required to pay a filing fee when initiating an action in federal court; no such payment is reflected in the Civil Docket for this case; and the plaintiff has not provided a receipt for payment of any fee. Thus, the $350 should be denied. The $40 service fee, on the other hand, is substantiated by the invoice from Federated Legal Services, Inc., and that amount should be awarded.

**2.) Attorney's Fees:**

The plaintiff suggests an award of attorney's fees equal to 20% of the amount due as of this date - here, $577.58

The plaintiff claims, that a fee of 20% of the recovery is "in line with the percentage awarded as reasonable attorney's fees by the federal courts." Sucher Aff. ¶7. See, e.g., U.S. v. Vilius, 419 F. Supp.2d 293 (E.D.N.Y. 2005) (determining that an award of 20% was reasonable). In Vilius, Judge Sifton reasoned that any private attorney who enters into a contingency contract with the Government to collect on the student loans it issues each year is aware that most of them

3

will not be collected since not all debtors pay. Id. at 299. Therefore, "[a] debtor who does pay . . . pays attorney's fees at a higher rate than he would if all debtors paid their judgments and higher than the amount he would pay if the Government hired attorneys at an hourly rate." Id. at 300. Further, Judge Sifton explained that the Government's request of an attorney's fee award of 20% was reasonable because it was less than the 25% that the Department of Education typically charges or could charge pursuant to 34 C.F.R. §30.60. Id. The undersigned agrees with Judge Sifton's rationale, and thus recommends that the plaintiff be awarded attorney's fees in the amount of $577.58.

## OBJECTIONS

The plaintiff is directed to serve a copy of this Report and Recommendation on the defendant by certified mail, return receipt requested. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
December 11, 2006

                              /s/ Arlene R. Lindsay
                              ARLENE R. LINDSAY
                              United States Magistrate Judge